# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN EDWARD POWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 5:09-cv-00865-IPJ-RRA |
| MADISON COUNTY, ALABAMA, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on August 10, 2009, recommending that this action, filed pursuant to 42 U.S.C. § 1983, be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. The plaintiff filed objections to the report and recommendation on August 24, 2009. (Doc. 19.)

In his objections, the plaintiff continues to state claims against the Madison County Detention Facility ("MCDF"). (Doc. 19 at 2.) However, the MCDF is not a legal entity subject to suit under 42 U.S.C. § 1983 and, therefore, is not a proper party defendant. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).

Next, the plaintiff contends that his court-appointed attorneys were "extensions of the Madison County System and act[ed] as such in the court setting." (Doc. 19.) The plaintiff alleges that his attorneys "conspire[d] to coerce the plaintiff to admit guilt . . . ." (Doc. 19 at 2.) It is well settled that a private attorney representing a defendant in a criminal case does not act "under color of state law" and therefore cannot be liable in an action brought under 42 U.S.C. § 1983 absent specifically pled facts showing a conspiracy between the attorney and public officials thereby fairly casting the imprimatur of the state on the attorney's acts. *See Wahl v. McIver*, 773 F.2d 1169, 1173

(11th Cir. 1985). "In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). A complaint may justifiably be dismissed because of the conclusory, vague, or general nature of the allegations of conspiracy. *Id.* The "naked assertion" of a conspiracy without "supporting operative facts" is not sufficient to state a claim under § 1983. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

In the present case, the plaintiff does not plead supporting operative facts that his defense attorneys conspired with public officials to deprive him of his constitutional rights during his criminal proceedings.[1] Therefore, the plaintiff fails to allege that his defense attorneys "reached an understanding" with public officials to have his constitutional rights violated. Instead, the plaintiff has made only conclusory statements that a conspiracy existed. Based on the foregoing, the plaintiff's conspiracy claims against the defendant attorneys fail to state a claim upon which relief can be granted.

Lastly, the plaintiff alleges that he does not seek to state claims against the defendant judges personally, but maintains that the "Madison County Court System" violated his rights. (Doc. 19 at 2.) For relief, he seeks a new trial. The Madison County Circuit Court is an agency of the State of Alabama and is wholly immune from suit under § 1983. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Ala. Code* § 12-11-1 *et seq.* (1975). Moreover, to the extent the plaintiff requests a new trial, a challenge to the fact or duration of a prisoner's confinement must be brought in a *habeas corpus* action under § 2254 following exhaustion of state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475

---

[1] The plaintiff does not name the public official(s) he claims conspired with his attorneys.

(1973); 28 U.S.C. § 2254(b)(1)(A).  A prisoner cannot assert such a claim under § 1983, thereby averting the exhaustion requirements in habeas actions.  *See Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED.  Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for  failing to state a claim upon which relief may be granted, or seeking monetary relief from defendants who are immune.  A Final Judgment will be entered.

DATED this 26th day of August, 2009.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE